UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WYATT ANN FRAZIER                          CIVIL ACTION

VERSUS                                     NO: 06-1249

CARNIVAL CORP.                             SECTION: "J" (2)

**ORDER AND REASONS**

Before the Court are motions by Cannon Cochran Management
Services, Inc. ("CCMSI") and the City of New Orleans ("City") to
Dismiss Third Party Demand for Lack of Subject Matter
Jurisdiction and Alternatively, Rule 12(b)(6) Motion for Failure
to State a Claim (Rec. Docs. 44 & 55).  For the reasons stated
below, the motions are **DENIED.**

**BACKGROUND**

After Hurricane Katrina, members of the New Orleans Police
Department, including the Plaintiff were housed on a Carnival
cruise ship.  On February 7, 2006, Frazier was injured on a
gangway while disembarking from the ship to the dock.  At the
time of the incident Frazier was an employee of the City of New

1

Orleans.  After her injury, Frazier received worker's
compensation benefits from the City.

Frazier filed suit against Carnival for alleged failure to
provide safe ingress or egress from the vessel.  The City,
thereafter intervened as a plaintiff to seek recovery of workers'
compensation benefits paid to Frazier if she recovers from
Carnival.  Carnival filed an Answer to the intervention and filed
a counter claim, and a cross claim asserting that it is entitled
to contribution from the City for the City's failure to timely
approve certain treatments, which could have exacerbated
Frazier's injuries.  Carnival later filed a Third Party demand
against CCMSI as the administrator for the City's worker's
compensation program.

CCMSI is seeking to dismiss the claims asserted against it
on the basis that this Court lacks Subject Matter Jurisdiction to
hear the claims.  At oral arguments, the City joined CCMSI's
motion to dismiss and incorporated all of CCMSI's arguments.
Thereafter, the City filed a written motion asking to join
CCMSI's motion to dismiss (Rec. Doc. 55).  The Court granted the
City's motion and gave the parties until June 21, 2007 to file
any objections.  (Rec. Doc. 59)  To date, no objections have been
filed to the City's motion.

**LEGAL STANDARD**

It is a well-settled maxim that federal courts are courts of limited jurisdiction, and therefore can only hear cases over which Congress or the Constitution has granted jurisdiction. *E.g. Exxon Mobil Corp. v. Allapattah Servs, Inc.*, 545 U.S. 546, 552 (2005).  Federal jurisdiction over admiralty claims arises out of Article III of the Constitution of the United States which states, "[t]he judicial Power [of the United States] shall extend . . . to all Cases of admiralty and maritime Jurisdiction."  U.S. CONST. art. III § 2.

In general, a motion to dismiss is only granted if it appears certain that the plaintiff cannot prove any facts in support of his claim that would entitle him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1956).  Moreover, a motion to dismiss for failure to state a claim upon which relief can be granted "is viewed with disfavor and is rarely granted."  *See e.g., Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).  The Fifth Circuit has summarized as follows: "` The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief.'" *Id.* (*quoting*

CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969)).

## DISCUSSION

The Supreme Court of the United States has held that federal maritime law trumps any state law remedies or rights.  *Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406, 409-10 (1954).  In *Hawn*, the plaintiff was injured on navigable waters while working on a ship to enable it to complete loading.  The Court held that while the injury occurred inside Pennsylvania, the maritime nature of the action converted it to a maritime tort.  The Court noted that "Hawn's complaint asserted no claim created by or arising out of Pennsylvania law.  His right to recovery for unseaworthiness and negligence is rooted in federal maritime law."  The Court continued however, "Even if Hawn were seeking to enforce a state-created remedy for this right, federal maritime law would be controlling.  While states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the Supreme] Court." *Id.*

Under the doctrine in *Hawn*, the Fifth Circuit has held that "an exclusive remedy provision in a state workmen's compensation law cannot be applied when it will conflict with maritime policy and undermine substantive rights afforded by federal maritime law." *Thibodaux v. Atl. Richfield Co.*, 580 F.2d 841, 847 (5th Cir. 1978). *See also Roberts v. City of Plantation*, 558 F.2d 750, 751 (5th Cir. 1977)("If plaintiff can prove himself entitled to Jones Act recovery, the exclusive remedy provisions of Florida's workmen's compensation statutes cannot oust the federal court of its jurisdiction."). In *Thibodaux*, an oil worker drowned while in a Louisiana canal. His widow sued under the Jones Act, the LHWCA and general maritime law. The Fifth Circuit held that the exclusive remedy provision in Louisiana's workmen's compensation statute could not prevent the widow from pursuing her wrongful death action in federal court. *Id.*    In *Roberts*, the Fifth Circuit considered the case of a Florida policeman who claimed he was injured by a "fusillade of coconuts launched by young hooligans while . . . patrolling a canal in a city vessel." *Roberts*, 558 F.2d at 750. Based only on the pleadings, the Fifth Circuit held that the policeman alleged that he was a seaman under the Jones Act. The Court held that the complaint stated a cause of action sufficient to withstand a motion to dismiss. The

5

Court further held that if the Jones Act claim is proven, then the exclusive remedy provisions of Florida's workmen's compensation law cannot oust the Jones Act claim.  *Id.*

However, while *Roberts* and *Thibodaux* both indicate that state workmen's compensation law may not displace specific provisions of maritime law[1], there appears to be no Fifth Circuit case deciding whether general maritime law and a claim for maritime negligence preempts a state's workmen's compensation exclusive remedy statute.  Under the standard expressed in *Hawn*, it does appear that the only way that Carnival could survive this motion is if Carnival can assert that it has a right to contribution under maritime law.

The Third Circuit has held that federal maritime law provides for contribution among joint tortfeasors except where one tortfesor is immune from liability to the injured party. *Purnell v. Norned Shipping B.V.*, 801 F. 2d 152, 154-55 (3rd Cir. 1986).  In *Purnell*, the City of Wilmington, Del. argued that Delaware's worker's compensation law and its exclusive remedy provision barred an action for contribution under the general rule mentioned above.  The Third Circuit held that the wrongful

---

[1]i.e. the Jones Act or Wrongful Death Actions under *Moragne v. State Marine Lines*, 389 U.S. 375 (1970).

death provision as defined in *Moragne v. States Marines Lines*, 398 U.S. 375 (1970) preempted the state's exclusive remedy provision.  This is the same conclusion that the Fifth Circuit reached in *Thibodaux*.  *See Thibodaux*, 580 F.2d at 847.

The Eleventh Circuit has distinguished *Thibodaux*, on the grounds that it dealt with wrongful death.  *See Brockington v. Certified Elec., Inc.*, 903 F.2d 1523, 1531-32 (11th Cir. 1990). In that case, the Court considered the case of an electrician who was injured while traveling by yacht to his job site on a barrier island.  The accident occurred within the territorial waters of the state of Georgia.  *Id.* at 1525.  The Eleventh Circuit distinguished *Thibodaux* because *Thibodaux* involved the death of the worker.  *Id.* at 1531.  The Eleventh Circuit noted that operation of the Louisiana exclusive remedy provision in question in *Thibodaux* would have "operated to prevent any recovery for wrongful death, in direct contravention of the [Supreme] Court's intention." *Id.*  The Eleventh Circuit found that none of the same concerns were present in *Brockington* and that uniformity was not at issue for a personal injury claim as it was for a wrongful death claim.  *Id.* at 1532.  The Court concluded by noting that states are free to modify or supplement maritime law without overriding it.  *Id.* (*citing Just v. Chambers*, 312 U.S. 383, 388

7

(1941)).  The Eleventh Circuit held that the state of Georgia is simply modifying maritime law without overriding it, as is its right.  *See id.* at 1533.

The Fifth Circuit has responded to *Brockington* in *Green v. Vermillion Corp.*,  144 F.3d 332, 336-37 (5th Cir. 1998).  In *Green*, the Fifth Circuit considered an exclusive remedy provision in Louisiana workmen's compensation law as it applied to a claim for unseaworthiness.  The court held that unseaworthiness is a claim that is peculiar to admiralty, in much the same way that the wrongful death claim is.  *Id.* at 337.  The Fifth Circuit took great pains to determine that unseaworthiness was a uniquely maritime claim tracing its lineage back to a specific Supreme Court decision and likening unseaworthiness claims to wrongful death claims.  *Id.*("Since both the wrongful death claim alleged in *Thibodaux* and *King* and the unseaworthiness claim asserted here . . . trace their lineage to Supreme Court explications of admiralty law, we see no reason to give one more preemptive force than the other.").  Thus the Fifth Circuit explained that *Green* is not in conflict with *Brockington*.  However, the *Green* court did note that "an earlier panel of this court was squarely presented with the issue of whether an exclusive remedy provision in a state workmen's compensation statute can operate to deprive

8

a party of a cause of action afforded by federal maritime law. The panel in that case concluded that relevant Supreme Court and Fifth Circuit precedent made it clear that an exclusive remedy provision in a state workmen's compensation law cannot be applied when it will conflict with maritime policy and undermine substantive rights afforded by federal maritime law." *Green*, 144 F.3d at 336. (*citing Thibodaux*, 580 F.2d at 846 (quotations omitted)).

While *Brockington* may be more on point, and deals with issues that are not unique to maritime law, its authority in this Court is merely persuasive.  The Fifth Circuit has not addressed the specific issue in the case at bar, but has addressed the concept of whether workmen's compensation's exclusive remedy provisions can operate to bar recovery in an admiralty suit. The Fifth Circuit has held that federal maritime law preempts state workmen's compensation law in at least wrongful death and unseaworthiness claims.  Neither party has cited any reason why this personal injury claim for failure to provide safe ingress or egress from a vessel should be any different than those unique admiralty claims.

**CONCLUSION**

Accordingly, **IT IS ORDERED** that defendants' motions to dismiss (Rec. Docs. 44 & 55) are **DENIED**.


New Orleans, Louisiana this the 21st day of June, 2007.


CARL J. BARBIER
UNITED STATES DISTRICT JUDGE